UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JONATHAN W. MUNDO,<br><br>       Plaintiff(s),<br><br>vs.<br><br>NELL CHRISTENSON, et al.,<br><br>       Defendant(s). | Case No. 2:16-cv-00994-APG-NJK<br><br>**ORDER AND<br>REPORT AND RECOMMENDATION** |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 4. Plaintiff also submitted a Complaint on May 4, 2016. Docket No. 1-1.

**I.    *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Docket No. 4. Additionally, because Plaintiff is incarcerated, he has attached a recent (within the past six months) financial certificate signed by an authorized officer of the institution in which he is incarcerated, a copy of his inmate trust account statement, and a signed financial affidavit as required by § 1915(a)(2) and LSR 1-2. Docket No. 5.

Plaintiff's request to proceed *in forma pauperis* is therefore **GRANTED**. Plaintiff must pay an initial partial filing fee of the greater of twenty percent of the average monthly deposits or twenty percent of the average monthly balance of his account for the six months immediately preceding the commencement of this action. *See* 28 U.S.C. § 1915(b)(1). Plaintiff's average monthly balance is

1  $19.66 and his average monthly deposit is $27.50. Docket No. 5 at 1. Thus, Plaintiff must pay an
2  initial filling fee of $5.50.

3  **II.     Screening the Complaint**

4  After granting his request to proceed *in forma pauperis*, the Court must screen Plaintiff's
5  complaint pursuant to § 1915. Federal courts are given the authority to dismiss a case if the action
6  is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks
7  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When
8  a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the
9  complaint with directions as to curing its deficiencies, unless it is clear from the face of the
10 complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70
11 F.3d 1103, 1106 (9th Cir. 1995).

12 Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint
13 for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is
14 essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d
15 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the
16 claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v.*
17 *Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations,
18 it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause
19 of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286
20 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint,
21 but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals
22 of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at
23 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to
24 plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se*
25 complaint are held to less stringent standards than formal pleading drafted by lawyers. *Hebbe v.*
26 *Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings
27 is required after *Twombly* and *Iqbal*).
28 //

1    Given Plaintiff's status as a *pro se* litigant, the Court has construed his complaint liberally. Plaintiff frames his claims as being brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege that a right secured by the Constitution or statutory law has been violated, and the deprivation was committed by a person acting under color of law. *See Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

A § 1983 action cannot be used to collaterally attack a criminal conviction unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 484 (1994). *Heck* is grounded in the "strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." *Id*. at 484. Therefore, if judgment on a § 1983 claim would necessarily imply the invalidity of Plaintiff's conviction, then *Heck* bars that cause of action. *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (citing *Heck*, 512 U.S. at 486-87).

The crux of Plaintiff's argument is that the State of Nevada violated the Interstate Agreement on Detainers, codified in Nevada as NRS 178.620, by extraditing him from a California state prison and prosecuting him for various criminal acts. Docket No. 1-1 at 3. He asserts claims against the prosecutor, the chief deputy district attorney, the presiding judge in this criminal case, and the presiding judge who issued the criminal complaint. *Id*. at 2. He attempts to state claims for wrongful prosecution, violation of his right to speedy trial, and violation of his right to due process. *Id*. at 4-6. As part of his request for relief, Plaintiff, *inter alia*, seeks an injunction preventing "the state" from "taking custody of Plaintiff." *Id.* at 9.

Plaintiff's claims fall squarely within *Heck*'s bar. Plaintiff has failed to allege that his conviction or sentence has been reversed, expunged, declared invalid, or called into question. To the contrary, Plaintiff is presently incarcerated and alleges that he is now pursuing a direct appeal as well as habeas relief. Docket No. 1-1 at 11-12. Since Plaintiff's claims are collateral attacks on a conviction that has not been invalidated, they are barred by *Heck*.

//

1    Plaintiff's claims fail on an additional and independent ground.  Prosecutors and judges are 2 absolutely immune from liability in § 1983 lawsuits arising from their official actions.  *Van de Kamp* 3 *v. Goldstein*, 555 U.S. 335, 341 (2009) (discussing absolute immunity for prosecutors); *Ashelman* 4 *v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (*en banc*) ("Judges . . . are absolutely immune from 5 damage liability for acts performed in their official capacities").

6    Here, Plaintiff has named the prosecutors and judges in his criminal case as Defendants.  *See* 7 Docket No. 1-1 at 2.  The entirety of Plaintiff's claims stem from each Defendant's official conduct, 8 either prosecuting or presiding over that case.  *Id.* at 10-17.  Plaintiff therefore attempts to assert 9 claims against absolutely immune defendants.

10    Accordingly, Plaintiff has failed to state a claim for which relief may be granted.  It is clear 11 that these deficiencies cannot be cured through amendment.

## **ORDER**

Accordingly,

**IT IS ORDERED THAT:**

1. Plaintiff's Application to Proceed *in Forma Pauperis* (Docket No. 4) without having to prepay the full filing fee is **GRANTED**.  Plaintiff shall be required to pay an initial installment fee in the amount of $5.50 toward the full filing fee of $350.

2. Pursuant to 28 U.S.C. § 1915(b)(2), California Correctional Institution shall forward to the Clerk of the United States District Court, District of Nevada, twenty percent of the preceding month's deposits to Plaintiff's inmate trust account (in the months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office.  The Clerk shall also send a copy of this Order to the attention of the accounting office/trust department at California Correctional Institution, Post Office Box 1031, Tehachapi, California 93561.

//

//

//

**REPORT AND RECOMMENDATION**

The undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED**.

Dated: June 6, 2016

                                        NANCY J. KOPPE
                                        United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).