UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JONATHAN W. MUNDO,<br><br>          Plaintiff,<br><br>   v.<br><br>NELL CHRISTENSEN, *et al.*,<br><br>          Defendants. | Case No. 2:16-cv-00994-APG-NJK<br><br>**ORDER ACCEPTING AND MODIFYING REPORT AND RECOMMENDATION**<br><br>(ECF No. 6) |

      Plaintiff Jonathan Mundo sues two state prosecutors and two state judges related to their participation in criminal proceedings against him in Nevada state court. ECF No. 1-1.  Mundo asserts that the defendants violated the Interstate Agreement on Detainers Act by (1) indicting him when the original detainer was based on a criminal complaint; (2) adding a robbery charge that was not in the original criminal complaint; and (3) filing new detainers after he pleaded guilty and was sentenced. *Id.*; *see also* Nev. Rev. Stat. § 178.620.  Mundo states in his complaint that he has appealed the denial of his motion to vacate his sentence. ECF No. 1-1 at 11.  Mundo also alleges he filed a post-conviction petition for a writ of habeas corpus in March 2016. *Id.* at 12.

      On June 6, 2016, Magistrate Judge Koppe entered a report and recommendation recommending that I dismiss Mundo's claims because Mundo's complaint attempts to collaterally attack his prior conviction which has not been resolved in his favor. ECF No. 6.  Judge Koppe also noted that any claims against the prosecutors and judges would be barred by absolute immunity. *Id.*

      Mundo objects, arguing that he is attacking the detainers, not his underlying conviction. He also argues that absolute immunity does not completely bar his claims because he seeks injunctive relief.

/ / / /

To the extent Mundo seeks relief from his conviction and sentence based on alleged violations of the Detainer Act which he contends should have resulted in dismissal of the criminal charges against him, those claims would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Success on the merits would necessarily imply the invalidity of his conviction and sentence and he has not shown the criminal proceedings have been resolved in his favor. *See Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) (en banc); *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) ("*Heck* precludes a prisoner's § 1983 claim that, if successful, would invalidate a conviction or sentence where that conviction [or sentence] has not been reversed, expunged or called into question by issuance of a writ of habeas corpus.") (quotation omitted).

To the extent Mundo seeks damages against the prosecutors and judges for their actions taken in his criminal prosecution, those claims are barred by absolute prosecutorial and judicial immunity. *See Torres v. Goddard*, 793 F.3d 1046, 1051 (9th Cir. 2015); *Burton v. Infinity Capital Mgmt.*, 753 F.3d 954, 960 (9th Cir. 2014).

Finally, Mundo's request for injunctive relief related to ongoing criminal proceedings is barred by *Younger* abstention because "absent extraordinary circumstances, a federal court may not interfere with a pending state criminal prosecution." *Potrero Hills Landfill, Inc. v. Cty. of Solano*, 657 F.3d 876, 882 (9th Cir. 2011); *see also Younger v. Harris*, 401 U.S. 37 (1971). Mundo alleges he has appealed the denial of his motion to vacate, he has filed a motion for post-conviction relief, and new detainers are pending. He does not allege these proceedings have concluded and thus it appears there are ongoing state court criminal proceedings. There is no basis to conclude that Mundo will not have a full and fair opportunity to raise his federal claims in the state court proceedings. Indeed, by Mundo's own allegations, the state court previously dismissed a charge against him based on the Detainers Act. ECF No. 1-1 at 11. There are no allegations of bad faith, harassment, or other extraordinary circumstance that would make abstention inappropriate. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 437 (1982). Accordingly, I dismiss Mundo's claims but without prejudice to allege facts that

would support bad faith, harassment, or some other extraordinary circumstances that would make *Younger* abstention inappropriate.

In amending his complaint, Mundo is informed that the court cannot look to prior pleadings or filings to make his amended complaint complete.  Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading or filing.  Therefore, if there are facts or evidence which Mundo believes relevant to his claims, he must put those facts directly in the amended complaint for them to be considered.  Additionally, Mundo cannot lump all of the defendants together as he has done in his original complaint.  Mundo must set forth facts in his amended complaint showing what each defendant allegedly did.

IT IS THEREFORE ORDERED that Judge Koppe's report and recommendation **(ECF No. 6) is accepted and modified**.  Plaintiff Jonathan Mundo's claims for damages against defendants Nell Christensen, James Miller, Jennifer Togliatti, and Rodney Burr arising out of actions taken during his criminal proceedings are dismissed with prejudice.  His claim for injunctive relief is dismissed without prejudice.  Mundo may file an amended complaint on or before February 9, 2017 if he can cure the deficiencies identified in this order.  If Mundo does not file an amended complaint by February 9, 2017, this case will be closed without prejudice.

DATED this 6th day of January, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE